UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
__NEW BERN__ DIVISION

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Charlene Holland Wellington** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number: (If known) | 22-00046-5-JNC | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.1, 2.3, 4.2, 4.5, 6.1**

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 The Debtor(s) shall make regular payments to the Trustee as follows:**
  $ __143.00__ per __Month__ for __1__ months
  $ __154.00__ per __Month__ for __59__ months

*(Insert additional line(s), if needed.)*

| Debtor | **Charlene Holland Wellington** | Case number | **22-00046-5-JNC** |
|---|---|---|---|

**2.2 Additional payments.** (*Check one.*)
- ☑ **None.** (*If "None" is checked, the rest of this section need not be completed.*)
- ☐ **The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.** (*Insert additional rows, if needed.*)

**2.3** The total amount of estimated payments to the Trustee is $ **9,229.00** .

**2.4 Adjustments to the Payment Schedule/Base Plan** (*Check one*).

- ☑ **None.**

- ☐ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $ **0.00** per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non-priority unsecured claims. In this case, this amount is $ **0.00**

## Part 3:  Treatment of Secured Claims

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
- ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** (*Check one*)
- ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.**

**Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.**

- ☑ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| Ann's Sew and Vac | $3,028.73 | Bedroom suite and washer and dryer | $1,000.00 | $0.00 | $1,000.00 | 5.25% |

*Insert additional claims as needed.*

| Debtor | **Charlene Holland Wellington** | Case number | **22-00046-5-JNC** |
|---|---|---|---|

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

### Part 4:  Treatment of Fees and Priority Claims

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions**, the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**7.00**__ % of amounts disbursed by the Trustee under the plan and are estimated to total $ __**646.03**__ .

**4.3 Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
☑  Debtor(s)' attorney has agreed to accept as a base fee $ __**6,838.00**__ , of which $ __**0.00**__ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ __**6,838.00**__ be paid through the plan.

☐  The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:  Unsecured Non-priority Claims

**5.1** General Treatment. After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
**[OR]**
☑  The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor | **Charlene Holland Wellington** | | | Case number | **22-00046-5-JNC** |

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured (if any) | Interest Rate On Arrears | Term of Cure (#of mos.) | Current Mo. Pmt. | Contract or Lease Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| American Financial | 2014 Nissan Altima. 28,538.16 | A | $589.90 | 0.00% | 60 | $524.90 | / / |
| Buddy's Home Furnishings | Furniture lease | A | $0.00 | 0.00% | 0 | $0.00 | / / |

*Insert additional leases or contracts, as needed.*

## Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
- [✓] plan confirmation.
- [ ] discharge
- [ ] other: _____

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

- [✓] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

X  **/s/ Travis Sasser**                                    Date  **March 1, 2022**
   **Travis Sasser 26707**                                         MM/DD/YYYY
   Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

CHARLENE HOLLAND WELLINGTON,    CASE NO. 22-00046-5-JNC
                                CHAPTER 13

## NOTICE OF AMENDED CHAPTER 13 PLAN AND CONFIRMATION HEARING

NOTICE IS HEREBY GIVEN that an Amended Chapter 13 Plan has been filed by the Debtor. A copy of the Amended Chapter 13 Plan accompanies this notice.

TAKE NOTICE FURTHER that pursuant to the Local Rules and General Orders of the United States Bankruptcy Court for the Eastern District of North Carolina, you have until seven days prior to the confirmation hearing date set forth below to file an Objection to the attached Amended Plan if you so desire. If an Objection is filed, a hearing on this Amended Plan will be heard at the **U.S. Bankruptcy Court Randy D. Doub Courthouse 150 Reade Circle Greenville, NC 27858 in the 2nd Floor Courtroom starting at 10:30 AM on March 23, 2022**. You must file your Objection with the Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602 with a copy to the undersigned. Any such Objection should contain a request for a hearing if, indeed, you wish to be heard by the Court. Unless a hearing is specifically requested in an Objection, the attached Amended Plan may be determined and final Orders entered by the court without hearing from you.

Dated: March 1, 2022

/s/ Travis Sasser
Travis Sasser
Attorney for Debtor
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice and accompanying documents was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

Joseph A. Bledsoe, III
Trustee
***Served Electronically***

*ALL PARTIES ON ATTACHED MATRIX via U.S. Mail*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 1, 2022

/s/ Travis Sasser
Travis Sasser
Attorney for Debtor
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

ANN'S SEW-N-VAC
360 FAISON HWY
CLINTON, NC 28328-3641

Acceptance Now
Attn: Managing Agent/Bankruptcy
5501 Headquarters Drive
Plano, TX 75024-5837

American Financial
Attn: Managing agent
6400 Winchester Road
Memphis, TN 38115-8117

Ann's Sew and Vac
Attn: Managing agent
360 Faison Highway
Clinton, NC 28328-3641

Buddy's Home Furnishings
Attn: Managing agent
201 N. Berkley Blvd., Suite 203
Goldsboro, NC 27534-4323

Bull City Financial Solutions, Inc.
Attn: Managing Agent/Bankruptcy
2609 North Duke Street #500
Durham, NC 27704-0015

CBE Group
Attn: Managing Agent/Bankruptcy
PO Box 900
Waterloo, IA 50704-0900

Capio Partners LLC
Attn: Operations Center
P.O. Box 3498
Sherman, TX 75091-3498

Capital Accounts
Attn: Managing Agent
P. O. Box 140065
Nashville, TN 37214-0065

Cash Aisle
Attn: Managing agent
PO Box 572
Lac Du Flambeau, WI 54538-0572

Charter Communications
Attn: Recoveries
12238 Silicon Dr. Ste. 129
San Antonio, TX 78249-3459

Collection Bureau of America
Attn: Managing Agent
Post Office Box 5013
Hayward, CA 94540-5013

Compass Self Storage
Attn: Managing agent
1401 Wendell Boulevard
Wendell, NC 27591-6823

Duke University Health System
5213 South Alston Ave
Durham, NC 27713-4430

Enhanced Recovery Company, LLC
Attn: Managing Agent/Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256-7412

I.C. System
Attn: Managing Agent/Bankruptcy
444 Highway 96 East
Saint Paul, MN 55127-2557

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

NC Department of Revenue
Office Serv. Div., Bankruptcy Unit
Post Office Box 1168
Raleigh., NC 27602-1168

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119-3000

Online Information Services
Attn: Managing Agent/Bankruptcy
PO Box 1489
Winterville, NC 28590-1489

Progressive Insurance
Attn: Managing Agent/ Bankruptcy
6300 Wilson Mills Rd.
Cleveland, OH 44143-2182

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

Receivable Management Corporation
Attn: Managing Agent
Post Office Box 2471
Woburn, MA 01888-0871

Robert Sutton Motors
Attn: Managing agent
1905 N. Berkley Blvd.
Goldsboro, NC 27534-8234

SCA Collections
300 East Arlington Blvd.
Parliament Place, Suite 6-A
Greenville, NC 27858-5043

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
PO Box 248848
Oklahoma City, OK  73124-8848

T-Mobile
Attn: Managing Agent/Bankruptcy
4515 North Santa Fe Avenue
Oklahoma City, OK 73118-7901

UNC HEALTH CARE
PO BOX 1123
MINNEAPOLIS, MN 55440-1123

Charlene Holland Willington
191 Piedmont Airline Road
Apartment 204
Goldsboro, NC 27534-8709